IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FALCON RIDGE DEVELOPMENT, LLC,**

        Plaintiff,

v.                                                                       No. CIV 99-1365 MV/LFG

**THE CITY OF RIO RANCHO,
NEW MEXICO, DAIN RAUSCHER, INC.**
and **GEORGE K. BAUM AND COMPANY**

        Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on the City of Rio Rancho's Motion to Dismiss Part of Count I and All of Counts III and IV of Plaintiff's Second Amended Complaint and Plaintiff's Prayer for Punitive and Exemplary Damages and Pre-Judgment and Post-Judgment Interest **[Doc. No. 60]**, and the City of Rio Rancho's Motion to Join Necessary Party Under Rule 19 **[Doc. No. 93]**. The Court, having considered the motions, briefs, relevant law, and being otherwise fully informed, finds that the City's motion to dismiss the plaintiff's two federal claims will be **GRANTED**, as explained below. The Court further declines to exercise supplemental jurisdiction over the plaintiff's remaining state-law claims.

### BACKGROUND

Plaintiff Falcon Ridge Development, LLC ("Falcon Ridge"), a New Mexico limited liability company, filed this action on November 23, 1999. It filed a Second Amended Complaint on May 24, 2000 **[Doc. No. 49]**. Falcon Ridge named as defendants the City of Rio Rancho,

1

New Mexico ("the City"); Dain Rauscher, a Minnesota corporation; and George K. Baum and Company ("Baum"), a Missouri corporation.  The Second Amended Complaint lists eight claims:

| | | |
|---|---|---|
| Count I | | Breach of Contract and Promissory Estoppel |
| Count II | | Breach of Implied Contract |
| Count III | | Substantive Due Process Violation:  Property Interest |
| Count IV | | Substantive Due Process Violation:  Liberty Interest |
| Count V | | Violation of the New Mexico Open Meetings Act |
| Count VI | | Tortious Interference With Contract |
| Count VII | | Misappropriation of Trade Secrets |
| Count VIII | | Prima Facie Tort. |

Counts II and III are Falcon Ridge's only federal claims, brought pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343.  The rest are supplemental New Mexico contract and tort claims brought pursuant to 28 U.S.C. § 1367.  The City now argues that the two federal claims are due to be dismissed.

For the purpose of deciding the City's motion to dismiss, the Court assumes the truth of the following facts as pled in the Second Amended Complaint.

This case involves three related contracts.  On April 6, 1995, the City entered into the first contract with Rio Rancho Development Associates ("RRDA"), a Nevada limited liability company.  This first contract ("Original Development Agreement") gave RRDA exclusive rights to develop a property in Rio Rancho known as "Unit 16."

In March 1996 the City terminated the Original Development Agreement with RRDA.  In August 1996 RRDA sued the City for breach of contract or, alternatively, specific performance in

the Thirteenth Judicial District Court for the State of New Mexico.

While RRDA's lawsuit against the City was pending, the parties attempted to resolve the litigation. For that purpose RRDA stayed its state action against the City. On July 20, 1998, the City and RRDA agreed to have RRDA assign its rights under the Original Development Agreement to the plaintiff Falcon Ridge. The City agreed to permit the assignment and to drop a counterclaim it had filed against RRDA. RRDA agreed to withdraw its jury demand.

Following the negotiations between RRDA and the City, RRDA entered into a contract with Falcon Ridge ("Purchase Agreement"), whereby Falcon Ridge purchased from RRDA its development rights in the Unit 16 project. The City also entered into a contract with Falcon Ridge ("New Development Contract"), whereby the City agreed to consent to RRDA's assignment of its rights to Falcon Ridge, give Falcon Ridge time to study the feasibility of the Unit 16 project, and enable Falcon Ridge to develop Unit 16 in lieu of RRDA. The parties also agreed to stay the state-court lawsuit pending Falcon Ridge's development of Unit 16.

Ultimately, on March 24, 1999, the City Council voted to terminate the New Development Contract. RRDA resumed its state-court lawsuit against the City. Falcon Ridge filed this federal lawsuit.

With respect to Falcon Ridge's first substantive due process claim, it alleges that it had (a) an "equitable interest" in Unit 16 pursuant to an "executory real estate contract," and (b) "a claim of entitlement based on a mutual and explicit understanding with the City of Rio Rancho that Falcon Ridge would be permitted to develop the Project Area." Second Amended Complaint, ¶ 60. In terminating the New Development Contract, Falcon Ridge contends, the City deprived it of its protected property interests. *Id.* at ¶ 61. "The conduct of the City was arbitrary, capricious

and not reasonably related to any legitimate government interest as shown by their conduct, *inter alia*, in intentional and deliberate violations of applicable state law and in taking action in secret and without appropriate notice to Plaintiff." *Id.* at ¶ 62. Defendants Dain Rauscher and Baum, co-managers and/or underwriters of the New Mexico Finance Authority (a state agency that provides loans for capital development projects), "conspired to terminate the property interests of Falcon Ridge in the Development Agreement in order to benefit an as yet unidentified third party and/or to benefit themselves individually." *Id.* at ¶¶ 7, 31, 64.

With respect to Falcon Ridge's second substantive due process claim, it alleges that the defendants violated its protected liberty interests by conspiring to disclose its "confidential information and trade secrets to third parties and/or improperly utilized that information to the benefit of third parties or themselves."

On March 22, 2000, RRDA moved to intervene in this action to assert claims against defendants Dain Rauscher and Baum **[Doc. No. 30]**. Although the City initially opposed this motion, it withdrew its opposition on August 8, 2000 **[Doc. No. 89]**. On August 14, the City moved to join RRDA as a necessary party under Federal Rule of Civil Procedure 19 **[Doc. No. 93]**. RRDA withdrew its motion to intervene on August 17 **[Doc. No. 17]**, but has not responded to the City's joinder motion.

On June 20, 2000, the City moved to dismiss Falcon Ridge's two substantive due process claims **[Doc. No. 60]**. The City also asks the Court to dismiss Count 1 of the Second Amended Complaint to the extent it relies on any alleged violation of the New Mexico Procurement Code; Falcon Ridge's request for punitive and exemplary damages as to all counts; and Falcon Ridge's request for pre- and post-judgment interest as to all state-law claims.

**STANDARD OF REVIEW**

A court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting its claim that would entitle him or her to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989) (citation omitted). In considering a Rule 12(b)(6) motion, the court must assume as true all well-pleaded facts and construe them in favor of the plaintiff. *Housing Auth. of Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991) (citations omitted). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support its claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that [it] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).

**ANALYSIS**

**I.      SUBSTANTIVE DUE PROCESS:  PROPERTY**

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. The Due

Process Clause has both a procedural and substantive component. "When government action deprives a person of life, liberty, or property without fair procedures, it violates procedural due process." *United States v. Deters*, 143 F.3d 577, 582 (10th Cir. 1998) (citing *United States v. Salerno*, 481 U.S. 739, 747 (1987)). By contrast, substantive due process "protects a small number of 'fundamental rights' from government interference regardless of the procedures used." *Id.* (citing *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997)); *see also Troxel v. Granville*, 530 U.S. 57, 65 (2000); *County of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998). Government may infringe upon such a fundamental right only if the infringement serves a compelling state interest and is narrowly tailored to effect that interest. *Deters*, 143 F.3d at 582 (citing *Glucksberg*, 521 U.S. at 721).

The Supreme Court has stated its reluctance "to expand the concept of substantive due process." *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992). *See also Falvo v. Owasso Indep. Sch. Dist.*, 233 F.3d 1203, 1209 (10th Cir. 2000) (citing *Glucksberg*, 521 U.S. at 720). Accordingly, the Court has cautioned that where a particular constitutional provision "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, that provision, "not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Graham v. Connor*, 490 U.S. 386, 395 (1989). Here, however, Falcon Ridge's only federal claims are substantive due process claims. It does not contend that the defendants deprived it of property without fundamental procedural fairness, or that the deprivation amounted to a "taking" for purposes of the Fifth Amendment. Instead, it contends that the defendants exercised their power "without any reasonable

6

justification in the service of a legitimate governmental objective." *County of Sacramento*, 523 U.S. at 846 (citing *Daniels v. Williams*, 474 U.S. 327, 331 (1986)).

In Count III of its Second Amended Complaint, Falcon Ridge bases its substantive due process claim on an alleged deprivation of a property interest. To proceed with this claim, Falcon Ridge must first establish that it has a protected property interest. *See, e.g.*, *Simi Inv. Co., Inc. v. Harris County*, 236 F.3d 240, 249-50 (5th Cir. 2000); *Woodwind Estates, Ltd. v. Gretkowski*, 205 F.3d 118, 123 (3d Cir. 2000).

With respect to this threshold inquiry, it is improper to rely on the law of procedural due process, as Falcon Ridge does in its response to the City's motion. The Tenth Circuit has stated that for purposes of procedural due process, property interests are "not created by the Constitution, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Federal Lands Legal Consortium ex rel. Robart Estate v. United States*, 195 F.3d 1190, 1196 (10th Cir. 1999) (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985)). Substantive due process rights, by contrast, "are founded not upon state provisions but upon deeply rooted notions of fundamental personal interests derived from the Constitution." *Mangels v. Pena*, 789 F.2d 836, 839 (10th Cir. 1986) (citing *Regents of University of Michigan v. Ewing*, 474 U.S. 214, 229 (1985) (Powell, J., concurring)); *accord Nilson v. Layton City*, 45 F.3d 369, 372 (10th Cir. 1995); *but see Norton v. Carrales*, 103 F.3d 928, 931 (10th Cir. 1996) (noting "some confusion in the law" as to which property interests are protected by substantive due process). Other circuits agree that substantive due process protects only property interests that relate to fundamental personal interests under the Constitution. As the Third Circuit recently summarized:

7

> "[N]ot all property interests worthy of procedural due process protection are protected by the concept of substantive due process."  Rather, to state a substantive due process claim, "a plaintiff must have been deprived of a *particular quality* of property interest." . . . [W]hether a certain property interest embodies this "particular quality" is not determined by reference to state law, but rather depends on whether that interest is "fundamental" under the United States Constitution.

*Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 140 (3d Cir. 2000) (citations omitted, emphasis in original); *accord McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (en banc); *Sutton v. Cleveland Bd. of Educ.*, 958 F.2d 1339, 1351 (6th Cir. 1992); *Huang v. Board of Governors of Univ. of North Carolina*, 902 F.3d 1134, 1142 n.10 (4th Cir. 1990).

Two Supreme Court opinions shed light on this question.  In *Regents of University of Michigan v. Ewing*, a student claimed that the university had arbitrarily deprived him of his property interest in continued enrollment in an educational program.  The majority assumed without deciding that the asserted property interest was protected by substantive due process, but held that the university had not acted arbitrarily in dismissing the student from the program.  In a concurring opinion, Justice Powell stated that not all property rights are protected by substantive due process.  "While property interests are protected by procedural due process even though the interest is derived from state law rather than the Constitution, substantive due process rights are created only by the Constitution."  474 U.S. at 229 (Powell, J., concurring) (citation omitted). Justice Powell criticized the student's asserted interest as "essentially a state-law contract right." *Id.* at 229.

> It bears little resemblance to the fundamental interests that previously have been viewed as implicitly protected by the Constitution.  It certainly is not closely tied to "respect for the teachings of history, solid recognition of the basic values that underlie our society, and wise appreciation of the great roles that the doctrines of federalism and separation of powers have played in establishing and preserving American freedoms."

8

*Id.* at 229-30 (quoting *Griswold v. Connecticut*, 381 U.S. 479, 501 (1965) (Harlan, J., concurring)).  As noted above, the Tenth Circuit cited Justice Powell's analysis with approval in *Mangels*, 789 F.2d at 839.

The Supreme Court addressed constitutional property interests most recently in *College Savings Bank v. Florida Postsecondary Education Expense Board*, 527 U.S. 666 (1999).  One issue in that case was the extent to which Congress had the power to enact legislation enforcing trademark-related property interests under § 5 of the Fourteenth Amendment.  In deciding this issue, the Court held that neither "(1) a right to be free from a business competitor's false advertising about its own product, [or] (2) a more generalized right to be secure in one's business interests" qualified as property interests protected by substantive due process.  *Id.* at 672.  It explained:

> The hallmark of a protected property interest is the right to exclude others.  That is "one of the most essential sticks in the bundle of rights that are commonly characterized as property." . . .  The Lanham Act may well contain provisions that protect constitutionally cognizable property interests – notably, its provisions dealing with infringement of trademarks, which are the "property" of the owner because he can exclude others from using them. . . .  The Lanham Act's false-advertising provisions, however bear no relationship to any right to exclude; and Florida Prepaid's alleged misrepresentations concerning its own products intruded upon no interest over which petitioner had exclusive domain.

527 U.S. at 673 (citations omitted).  The Court similarly rejected the second asserted interest:

> The assets of a business (including its good will) unquestionably are property, and any state taking of those assets is unquestionably a "deprivation" under the Fourteenth Amendment.  But business in the sense of *the activity of doing business*, or *the activity of making a profit* is not property in the ordinary sense – and it is only *that*, and not any business asset, which is impinged upon by a competitor's false advertising.

*Id.* at 675 (emphasis in original).

The Court's decision in *College Savings Bank* did not completely clarify matters.  For

9

example, it is not clear from the decision whether all property interests involving "the right to exclude others" receive substantive due process protection, *see, e.g.*, *Nicholas*, 227 F.3d at 141 (stating that real property ownership is "fundamental" property interest worthy of substantive due process protection) (citation omitted), or whether additional qualifications exist.  It is also unclear whether and to what extent the Court's ruling will affect its standard for evaluating property interests in procedural due process cases.  *See generally* Thomas W. Merrill, *The Landscape of Constitutional Property*, 86 Va. L. Rev. 885, 913-14 (2000).  Nevertheless, the Court's ruling in *College Savings Bank*, together with the above-cited decisions of the Tenth Circuit, provides an adequate basis for evaluating the property interests asserted by Falcon Ridge here.

Falcon Ridge asserts two kinds of property interests.  First, citing *Marks v. City of Tucumcari*, 595 P.2d 1199 (N.M. 1979), Falcon Ridge argues that it has "an equitable interest in [Unit 16] pursuant to an executory real estate contract."  In *Marks* a city perfected a judgment lien against two vendors after they had recorded their sale of a property to the plaintiffs, but before they delivered and filed the deed.  *Id.* at 1200.  The New Mexico Supreme Court held that the plaintiffs had acquired title free and clear of the city's judgment lien:  pursuant to an executory contract for the sale of realty, the plaintiffs had acquired "an equitable interest in the property."  *Id.*

Falcon Ridge's reliance on *Marks* is misplaced.  Although Falcon Ridge alleges that the City declared the Unit 16 property to be a "blighted area" under the terms of the New Mexico Metropolitan Redevelopment Code, N.M. Stat. Ann § 3-60A-1 *et seq.*, it does not allege that any of the defendants ever owned Unit 16 (the City denies ownership in its brief) or that Falcon Ridge otherwise obtained an ownership interest in the property.  The mere fact that Falcon Ridge may

have been a party to a contract involving this property does not establish that it has a protected property interest.

Falcon Ridge also argues that it had a "right to develop the blighted area" based on "a mutual and explicit understanding" with the City. The Second Amended Complaint establishes that Falcon Ridge obtained (1) the rights of RRDA under the Original Development Agreement to develop Unit 16 and (2) the consent of the City to RRDA's assignment of its development rights to Falcon Ridge. Such allegations may support Falcon Ridge's state-law claims for breach of contract. They do not, however, support a substantive due process claim. It is well established that "simple state-law contractual rights, without more, are [not] worthy of substantive due process protection." *Local 342, Long Island Public Serv. Employees, UMD, ILA, AFL-CIO v. Town Bd. of Huntington*, 31 F.3d 1191, 1196 (2d Cir. 1994); *see also Independent Enters., Inc. v. Pittsburgh Water & Sewer Auth.*, 103 F.3d 1165, 1179-80 (3d Cir. 1997) (water and sewer authority's denial of award of state contract to low bidder did not implicate type of "fundamental" interest entitled to protection of substantive due process); *PFZ Properties, Inc. v. Rodriguez*, 928 F.2d 28, 31 (1st Cir. 1991) ("[R]ejections of development projects and refusals to issue building permits do not ordinarily implicate substantive due process. Even where state officials have allegedly violated state law or administrative procedures, such violations do not ordinarily rise to the level of a constitutional deprivation.") (citations omitted); *Reich v. Beharry*, 883 F.2d 239, 245 (3d Cir. 1989) (service contract with state did not warrant substantive due process

protection).[1]

At most, the defendants deprived Falcon Ridge of a "run-of-the-mill contractually-based property interest." *Charles v. Baesler*, 910 F.2d 1349, 1351 (6th Cir. 1990). Such an interest does not relate to "deeply rooted notions of fundamental personal interests derived from the Constitution." *See Mangels*, 789 F.2d at 839. Nor does it bear a relationship to "any right to exclude others," from Unit 16 or any other relevant property. Because Falcon Ridge lacks a protected property interest, its first substantive due process claim must fail.

---

[1] This is not to suggest that a contract-based property right may never give rise to substantive due process protection. As one district court recently observed, "there undoubtedly are circumstances in which a breach of contract by a state actor would raise substantive due process concerns." *Empire Transit Mix, Inc. v. Giuliani*, 37 F. Supp.2d 331, 339 (S.D.N.Y. 1999).

> While "simple state-law contractual rights, without more," do not do so, the question in each case is whether the breach affects interests sufficiently grave to trigger due process scrutiny. The Court must look to the effect of the breach on the claimant and determine whether the effect is so dramatic and the rights implicated so fundamental that the Constitution provides a remedy. For example, the unilateral revocation of leases in public housing, although certainly a breach of contract, could threaten to deprive need residents of roofs over their heads in circumstances in which their financial situations would not permit them to find shelter in the private market and, in consequence, become an appropriate focus of substantive due process concern.

*Id.* at 339-40 (citations omitted). *See also Rucker v. Davis*, 237 F.3d 1113, 1124-25 (9th Cir. 2001) (en banc) (holding that interpretation of federal statute that allowed public housing authority to evict tenants based on drug-related criminal activity by household members or guests of which tenants were unaware "would raise serious questions under the Due Process Clause"). Similarly, this Court need not resolve whether the breach of a public employment contract may give rise to a claim for substantive due process. *See Curtis v. Oklahoma City Public Sch. Bd. of Educ.*, 147 F.3d 1200, 1215 & n.17 (10th Cir. 1998) (assuming without holding that government employee had property right in continued employment protected by substantive due process); *Archuleta v. Colorado Dep't of Insts., Div. of Youth Servs.*, 936 F.2d 483, 489 n.6 (10th Cir. 1991) (same). Both of these examples arguably involve "fundamental personal interests" – *e.g.*, shelter for poor tenants, the continuation of a worker's employment – that are conspicuously absent from the present case.

## II.     SUBSTANTIVE DUE PROCESS:  LIBERTY

In Count IV of its Second Amended Complaint, Falcon Ridge contends that it has a protected liberty interest in its "confidential information and trade secrets."  It analogizes its claim to the protection that the Due Process Clause provides to individuals from state intrusion on fundamental aspects of personal privacy.  *See Whalen v. Roe*, 429 U.S. 589, 599 (1977) (recognizing constitutionally protected "individual interest in avoiding disclosure of personal matters"); *Roe v. Wade*, 410 U.S. 113, 153 (1973) (observing that "right of privacy" is "founded in the Fourteenth Amendment's concept of personal liberty and restrictions upon state action").

In assessing whether a specific category of information is constitutionally protected, this Court must consider:  "(1) if the party asserting the right has a legitimate expectation of privacy [in the information], (2) if disclosure serves a compelling state interest, and (3) if disclosure can be made in the least intrusive manner."  *Falvo v. Owasso Indep. Sch. Dist.*, 233 F.3d at 1208-09 (quoting *Denver Policemen's Protective Ass'n v. Lichtenstein*, 660 F.2d 432, 435 (10th Cir. 1981)).  The Court need not address the second and third factors if the first factor is not met.  *Id.* at 1209 (citations omitted).  A party's expectation in the privacy of specific information is sufficiently legitimate to warrant constitutional protection only if that information "is highly personal or intimate."  *Id.* (quoting *Nilson v. Layton City*, 45 F.3d at 372); *accord Mangels*, 789 F.2d at 839.

Here, Falcon Ridge alleges that the defendants improperly disclosed and/or utilized the following confidential information and trade secrets:

> a. Portions of an Appraisal Report on a proposed Master Planned Community known as Spanish Trails, with all frontage street infrastructure and utilities in place including but not limited to letters of value; and

13

      b. Engineer's estimate of probable cost to construct Spanish Trails; and

      c. Falcon Ridge's builders' letters of intent.

Second Amended Complaint, ¶ 27. This information was clearly valuable to Falcon Ridge and may well provide a sufficient basis for state-law claims of breach of implied contract and misappropriation of trade secrets. It is by no means, however, so "personal or intimate" such that it can support a substantive due process claim. *Cf. Falvo*, 233 F.3d at 1209 ("Although this court acknowledges that the school work and test grades of pre-secondary school students constitutes somewhat personal or intimate information, we cannot conclude that these grades are so highly personal or intimate that they fall with the zone of constitutional protection; to hold otherwise would trivialize the Fourteenth Amendment."); *see also Paul v. Davis*, 424 U.S. 693, 701 (1976) (stating that Fourteenth Amendment is not "a font of tort law to be superimposed upon whatever systems may already be administered by the States").

      Falcon Ridge argues that it had a legitimate expectation of privacy in the information and trade secrets because they are exempted from disclosure under the New Mexico Inspection of Public Records Act, N.M. Stat. Ann. § 14-2-1(A)(6), and the federal Freedom of Information Act, 5 U.S.C. § 552(b)(4). It also argues that it may have an expanded right to privacy under the New Mexico Constitution. None of this, however, suffices to establish a liberty interest protected by substantive due process under the Fourteenth Amendment. *See Salvo*, 233 F.3d at 1209-10 (concluding that "federal privacy statutes standing alone cannot be the basis for a Fourteenth Amendment right to prohibit disclosure of personal information"); *Nilson*, 45 F.3d at 372 ("Mere allegations that an official failed to abide by state law will not suffice to state a constitutional claim."); *Flanagan v. Munger*, 890 F.2d 1557, 1571 (10th Cir. 1989) (while state statutes and

regulations may inform court's judgment regarding scope of federal constitutional rights, they "fall far short of the kind of proof necessary" to establish reasonable expectation of privacy); *Mangels*, 789 F.2d at 839-40 ("Rights of substantive due process are founded not upon state provisions but upon deeply rooted notions of fundamental personal interests derived from the Constitution. . . . Any disclosed information must itself warrant protection under constitutional standards.") (citations omitted).

Because Falcon Ridge does not have a protected liberty interest in the alleged confidential information and trade secrets, its second substantive due process claim must also be dismissed.

### III.     SUPPLEMENTAL JURISDICTION

For the reasons stated above, Falcon Ridge's two substantive due process claims are dismissed. Although only the City moved to dismiss these claims from Falcon Ridge's Second Amended Complaint, both Dain Rauscher and Baum assert in their answers **[Doc. Nos. 62, 64]** that Falcon Ridge failed to plead proper federal claims and that its complaint should therefore be dismissed for lack of subject matter jurisdiction. Because the Court finds that there is no basis for a substantive due process claim against any of the defendants, it dismisses Counts III and IV in their entirety. *Cf. McKinney v. Oklahoma Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991) (allowing *sua sponte* dismissal under Rule 12(b)(6) when it is "patently obvious" that plaintiff cannot prevail on facts alleged).

Under 28 U.S.C. § 1367(c)(3), this Court has discretion to dismiss claims supported only by supplemental jurisdiction once it has dismissed all claims over which it had original jurisdiction. The Tenth Circuit has stated that a "district court has discretion to try state claims in the absence of any triable federal claims." *Thatcher Enters. v. Cache County Corp.*, 902 F.2d 1472, 1478

(10th Cir.1990). "[H]owever, that discretion should be exercised in those cases in which, given the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction." *Id. See also City of Chicago v. International College of Surgeons*, 522 U.S. 156, 172-73 (1997); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 & n.7 (1988); *Lancaster v. Independent Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998); *Anglemyer v. Hamilton County Hosp.*, 58 F.3d 533, 541 (10th Cir.1995).

The Court finds no compelling reason to exercise supplemental jurisdiction over Falcon Ridge's supplemental state-law claims. Discovery is not yet completed, and since August 21, 2000, it has been stayed pending determination of the City's motion to join RRDA as a necessary party **[Doc. No. 99]**. The discovery already conducted can be used in any ongoing or future case in state court.[2] Furthermore, the remaining claims in Falcon Ridge's Second Amended Complaint raise novel and complex issues of state law – such as the application and enforcement of the New Mexico Procurement Code and the New Mexico Open Meetings Act – for which the New Mexico courts are the most appropriate forum. *See Anglemyer*, 58 F.3d at 541. Accordingly, the Court declines to exercise supplemental jurisdiction over Falcon Ridge's state-law claims and dismisses them without prejudice.

Because the Court's resolution of the substantive due process claims and supplemental claims disposes of all claims and parties, it is unnecessary for the Court to address either the remaining points in the City's motion to dismiss or the City's motion to join RRDA as a necessary party.

---

[2] In Falcon Ridge's Unopposed Motion to Stay Discovery Pending Determination of City of Rio Rancho's Motion to Join a Necessary Party **[Doc. No. 97]**, filed on August 17, 2000, it cited "a companion state court case in which RRDA and the City are already in the middle of a bench trial which has been temporarily suspended because of the joinder issue."

# CONCLUSION

**IT IS THEREFORE ORDERED** that the City of Rio Rancho's Motion to Dismiss Part of Count I and All of Counts III and IV of Plaintiff's Second Amended Complaint and Plaintiff's Prayer for Punitive and Exemplary Damages and Pre-Judgment and Post-Judgment Interest **[Doc. No. 60]** is hereby **GRANTED IN PART** and **DENIED IN PART AS MOOT**.  Plaintiff's two claims for substantive due process are hereby **DISMISSED WITH PREJUDICE**.  Plaintiff's remaining state-law claims are hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c)(3).  The City of Rio Rancho's Motion to Join Necessary Party Under Rule 19 **[Doc. No. 93]** is hereby **DENIED AS MOOT**.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE

Attorneys for Plaintiff Falcon Ridge Development, LLC
RHODES & SALMON, P.C.
Mark M. Rhodes

Attorneys for Defendant City of Rio Rancho
MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.
George R. McFall
Jennifer A. Noya
Megan Muirhead

Attorneys for Defendant Dain Rauscher, Inc.
RODEY, DICKASON, SLOAN, AKIN, & ROBB, P.A.
Henry M. Bohnhoff
Susan Barger Fox

Attorneys for Defendant George K. Baum and Company
SUTIN, THAYER & BROWNE
Gail Gottlieb