IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**FALCON RIDGE DEVELOPMENT, LLC,**

       Plaintiff,

v.                                                                                           No. CIV 99-1365 MV/LFG

**THE CITY OF RIO RANCHO,
NEW MEXICO, DAIN RAUSCHER, INC.**
and **GEORGE K. BAUM AND COMPANY**

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Falcon Ridge Development, LLC's Motion for Reconsideration, filed March 29, 2001, **[Doc. No. 102]**. The Court, having reviewed the motion, response, relevant law, and being otherwise fully informed, finds that the motion is not well-taken and will be **DENIED.**

### BACKGROUND

Plaintiff Falcon Ridge Development, LLC ("Falcon Ridge") commenced this action by filing a complaint on November 23, 1999, naming as defendants the City of Rio Rancho, New Mexico ("the City"); Dain Rauscher; and George K. Baum and Company. The underlying factual and procedural background is recounted in this Court's prior order granting Defendant's Motion to Dismiss. Therefore, the Court will simply summarize the underlying facts here.

On April 6, 1995, the City entered into a contract with Rio Rancho Development Associates ("RRDA"), a Nevada limited liability company. This contract gave RRDA exclusive rights to develop a property in Rio Rancho known as "Unit 16." The City ultimately terminated

the contract and RRDA sued the City for breach of contract or, alternatively, specific performance. That action was stayed.

During this time, RRDA entered into a contract with Falcon Ridge ("Purchase Agreement"), whereby Falcon Ridge purchased from RRDA its development rights in the Unit 16 project. The City also entered into a contract with Falcon Ridge ("New Development Contract"), whereby the City agreed to consent to RRDA's assignment of its rights to Falcon Ridge, give Falcon Ridge time to study the feasibility of the Unit 16 project, and enable Falcon Ridge to develop Unit 16 in lieu of RRDA. The parties also agreed to stay the state-court lawsuit pending Falcon Ridge's development of Unit 16.

On March 24, 1999, the City Council voted to terminate the New Development Contract. RRDA resumed its state-court lawsuit against the City. Falcon Ridge then filed this federal lawsuit asserting two substantive due process claims and several state-law claims. On June 20, 2000, the City moved to dismiss Falcon Ridge's substantive due process claims and some of the state-law claims. On March 20, 2001, the Court entered an Order granting the motion to dismiss, dismissing the substantive due process claims, and declining to exercise supplemental jurisdiction over the state-law claims. Plaintiff now seeks reconsideration of that Order.

**STANDARD OF REVIEW**

A motion for reconsideration is an opportunity for the Court to correct manifest errors of law or fact, to review newly discovered evidence or to review a prior decision when there has been a change in the law. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir. 1985); *see also* 18 Wright & Miller, Federal Practice and Procedure § 4478, at 790 (2d ed. 1981 & Supp. 1998). Absent extraordinary circumstances, "revisiting the issues already addressed 'is not the

purpose of a motion to reconsider.'" *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider "is not a license for a losing party's attorney to get a 'second bite at the apple'" to make legal arguments that could have been made previously. *Mantle Ranches, Inc. v. U.S. Park Service*, 950 F.Supp. 299, 300 (D.Colo. 1997) (quoting *Johnston v. Cigna Corp.*, 789 F.Supp. 1098, 1101 (D.Colo. 1992)).

## ANALYSIS

As an initial matter, the Court must consider its jurisdiction to entertain Plaintiff's motion. The filing of a notice of appeal generally divests the district court of jurisdiction over the action. *See Lancaster v. Independent Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (citing *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985)). However, when a party files a motion for reconsideration and subsequently files a notice of appeal before the district court has ruled on the pending motion for reconsideration, the notice of appeal becomes effective when an order disposing of the motion for reconsideration is entered. *See* Fed. R. App. P. 4(a)(4)(B)(i). Moreover, in this case, the Court of Appeals for the Tenth Circuit has entered an order abating the appeal pending this Court's ruling **[Doc. No. 108]**. Therefore, this Court has jurisdiction to entertain the motion to reconsider.

In its prior Order, this Court addressed, at great length, the difference between substantive and procedural due process rights and ruled that Plaintiff's substantive due process claim based on its interest in Unit 16 could not succeed because Plaintiff had failed to demonstrate that it had a protected property interest. Specifically, the Court ruled that "[a]t most, the defendants deprived Falcon Ridge of a 'run-of-the-mill contractually-based property interest,'" which "does not relate to 'deeply rooted notions of fundamental personal interests derived from the Constitution.'"

3

Mem. Op. and Order at 12 (quoting *Charles v. Baesler*, 910 F.2d 1349, 1351 (6th Cir. 1990); *Mangels v. Pena*, 789 F.2d 836, 839 (10th Cir. 1986)).

Plaintiff seeks reconsideration of the Court's prior ruling on the ground that it disagrees with the Court's legal analysis.[1] Plaintiff does not argue that reconsideration is necessary to correct manifest errors of law or fact or to review newly discovered evidence, nor does it assert that a recent change in the law renders the Court's ruling incorrect. Accordingly, the Court finds that Plaintiff has failed to demonstrate that reconsideration is warranted.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration **[Doc. No. 102]** is hereby **DENIED.**

_____
MARTHA VAZQUEZ
U. S. DISTRICT JUDGE

Attorneys for Plaintiff Falcon Ridge Development, LLC
RHODES & SALMON, P.C.
Mark M. Rhodes

Attorneys for Defendant Dain Rauscher, Inc.
RODEY, DICKASON, SLOAN, AKIN, & ROBB, P.A.
Henry M. Bohnhoff
Susan Barger Fox

---

[1] Plaintiff challenges only this aspect of the Court's prior ruling. Plaintiff does not seek reconsideration of the Court's decision denying its other substantive due process claim or declining to exercise supplemental jurisdiction over the state-law claims.